# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD TROXLER, | : | No. 4:16-CV-02554 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| CAPITAL ONE BANK (USA), N.A., | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### SEPTEMBER 21, 2017

## I. BACKGROUND

Plaintiff Richard Troxler ("Mr. Troxler") entered into a credit card agreement with Defendant Capital One Bank (USA), N.A. ("Capital One"), in which Capital One provided a credit card to Plaintiff upon his payment of a $750 dollar security deposit.[1] This card holder's agreement provided that Capital One would return the $750.00 dollar deposit to Mr. Troxler upon closure of the credit card account.[2] Mr. Troxler alleges that he closed the credit card account on or about April 21, 2016, but Capital One thereafter refused to refund the deposit until November 21, 2016.[3] Based solely on these facts, Mr. Troxler alleges the

---

[1] Am. Compl. (ECF No. 7) ¶¶ 2-3, at 1.

[2] *Id.* ¶ 3, at 1.

[3] *Id.* at ¶¶ 4-5.

following causes of action: (1) trespass to chattels; (2) conversion; (3) breach of contract; and (4) violations of the Credit Card Accountability and Responsibility Act of 2009. Capital One has since filed a Motion to Dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief can be granted.[4] This matter is now ripe for disposition.

## II.  LAW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation by dispensing with needless discovery and factfinding."[5] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[6] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[7]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by significantly tightening the standard that district courts must apply to 12(b)(6)

---

[4]  ECF No. 9.

[5]  *In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (quoting *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)). *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

[6]  *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984)).

[7]  *Neitzke*, 490 U.S. at 327.

motions.[8]  In two landmark decisions, *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*, the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-court judges that the stricter approach some had been taking was appropriate under the Federal Rules."[9]  More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[10]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[13]  Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of

---

[8]   Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig. 313 (2012).

[9]   550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, *supra* at 319–20.

[10]  *Iqbal*, 556 U.S. at 670 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that Twombly retired the Conley no-set-of-facts test").

[11]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[12]  *Iqbal*, 556 U.S. at 678.

[13]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[wrongdoing]."[14]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[16]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[17] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[18] "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[19] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20]

As a matter of procedure, the United States Court of Appeals for the Third

---

[14] *Twombly*, 550 U.S. at 556.

[15] *Iqbal*, 556 U.S. at 679.

[16] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted)).

[17] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[18] *Iqbal*, 556 U.S. at 678 (internal citations omitted).

[19] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).

[20] *Iqbal*, 556 U.S. at 678.

Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[21]

## III. ANALYSIS

### A. Counts I and II: Trespass to Chattels and Conversion

Based on the above factual allegations, Mr. Troxler lays out within his Amended Complaint tort claims of trespass to chattels and conversion. Capital One, in turn, responds that these tort claims must be dismissed with prejudice pursuant to the "gist of the action" doctrine.[22] Accepting as true Mr. Troxler's factual allegations, I agree that his claims for conversion and trespass to chattels are subsumed by the "gist of action" doctrine.

The "gist of the action" doctrine precludes tort claims where the true gravamen, or gist, of the claim sounds in contract."[23] The critical conceptual distinction between a breach of contract claim and a tort claim is therefore based upon whether the breach which occurred arose from mutual agreements between

---

[21] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[22] Def.'s Br. in Supp. of Mot. To Dismiss ("Def.'s Br.")(ECF No. 10), at 3–4.

[23] *Dommel Properties LLC v. Jonestown Bank and Trust Co.*, 626 F.App'x. 361, 364 (3d Cir. 2015) (citing *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014)).

particular individuals (contract), or based on law as a matter of social policy (tort).[24] In *Bruno v. Erie Insurance Company*, the Supreme Court of Pennsylvania reaffirmed this "duty-based demarcation" under the "gist of the action" doctrine, and stated that "the nature of the duty alleged to have been breached" is "the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract."[25] The *Bruno* Court further explained that "if the facts of a particular claim establish that the duty breached is one created . . . by the terms of their contract," then the claim sounds in contract.[26] If, however, the claim involves a broader social duty which "exists regardless of the contract," then a tort claim exists.[27] "Whether the gist of the action doctrine applies in any particular setting is a question of law."[28]

Pennsylvania courts have recognized four instances when the gist of the action doctrine precludes tort recovery: (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached

---

[24] *Graham Packaging Company, L.P.*, 2015 WL 8012970 at *3 (citing *Reardon v. Allegheny Coll.*, 926 A.2d 477, 486–87 (Pa. Super. Ct. 2007) and *Jones v. ABN Amro Mortg. Grp.*, Inc., 606 F.3d 119, 123 (3d Cir. 2010)).

[25] *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014); *see also Downs v. Andrews*, 639 F.App'x. 816, 819 (3d Cir. 2016) (recognizing that the Bruno Court had reiterated the duty-based inquiry required under the "gist of the action" doctrine to determine what the case is "really about.").

[26] *Bruno*, 106 A.3d at 63.

[27] *Id.*

[28] *Alexander Mill Services, LLC v. Bearing Distributors, Inc.*, Civil Action No. 06-CV-1116, 2007 WL 2907174, at 8 (W.D.Pa. Sept. 28, 2007).

were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.[29] Furthermore, "courts have applied the 'gist of the action' doctrine to conversion[30] claims when entitlement to the chattel is predicated solely on the agreement between the parties."[31]

In the instant matter, I find that the alleged conduct of Capital One underlying his conversion claim—failure to timely return a deposit—arises from the cardholder agreement between it and Mr. Troxler. Specifically, the Complaint itself states that, while Capital One returned the deposit upon closure of the account, it did so in an untimely fashion—presumably in violation of an allotted timeframe within the agreement. This claim is therefore subsumed by the gist of action doctrine and dismissal is appropriate. Furthermore, because trespass to

---

[29] *eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002).

[30] Conversion is the deprivation of another's right of property in, or use or possession of a chattel, or other interference therewith, without the owner's consent *777 and without lawful justification." *Universal Premium Acceptance Corp. v. York Bank & Trust Co.*, 69 F.3d 695, 704 (3d Cir.1995); *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 659 n. 3 (Pa.Super.Ct. 2000).

[31] *Rahemtulla v. Hassam*, 539 F.Supp.2d 755, 777 (M.D.Pa. 2008)(Mannion, J.)(citing M*urphy v. Mid East Oil Co.*, Civil Action No. 06-CV-1343, 2007 WL 527715, at *5–6 (W.D.Pa. Feb.14, 2007); *Montgomery v. Fed. Ins. Co.*, 836 F.Supp. 292, 301–02 (E.D.Pa. 1993); *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 584 (Pa.Super.Ct. 2003)).

chattels and conversion are essentially the same intentional tort, Mr. Troxler's trespass to chattels claim is barred as well.[32]

### B. Count III: Breach of Contract

Capital One next moves for the dismissal of Mr. Troxler's breach of contract claim for failure to state a claim upon which relief can be granted. To plead a cause of action for breach of contract, a plaintiff must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by that contract; and (3) resultant damages.[33] "While not every term of a contract must be stated in complete detail, every element must be specifically pleaded."[34] Capital One specifically argues that that this claim fails for lack of factual allegations showing breach and resultant damages.[35]

Accepting the allegations of Mr. Troxler's Complaint as true, I find that Mr. Troxler has failed to plausibly allege a breach of contract claim.[36] First, while alleging that Capital One belatedly returned a deposit of $750 dollars, Mr. Troxler

---

[32] *See QVC, Inc. v. Resultly, LLC*, 159 F.Supp.3d 576, 599 (E.D.Pa. 2016)(citing, inter alia, Restatement (Second) of Torts § 217 (trespass to chattels requires intentional dispossession or use or intermeddling with a chattel of another)); § 222 (the actor is subject to liability for conversion where the dispossession "seriously interferes with the right of the other").

[33] *See CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super. Ct. 1999).

[34] *Id.* (citing *Snaith v. Snaith*, 422 A.2d 1379, 1382 (1980)).

[35] Def.'s Br. at 6–7.

[36] *Bull Int'l, Inc. v. MTD Consumer Grp., Inc.*, 654 F. App'x. 80, 96, 103 (3d Cir. 2016)(holding that it was proper for the district court to dismiss a breach of contract claim for failure to establish breach, and a tort claim under the gist of the action doctrine).

fails to identify a contractual provision which this action breached. He has therefore, on this ground alone, failed to allege a breach of contract claim.[37] Second, Plaintiff has acknowledged that the $750 dollar deposit was returned and the Court can therefore not find resultant damages for an alleged breach.[38]

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."[39] This principle applies equally in situations where a Plaintiff does not affirmatively seek a leave to amend, though a court may ultimately dismiss if the Plaintiff does not submit such an amended pleading.[40] Here, the Court cannot say that amendment of this claim would be futile. Therefore, to the extent that Plaintiff can plausibly allege that the belated return of this deposit is in breach of an essential term of the contract, he is granted leave to amend this claim.

### C. Count IV: Credit Card Accountability and Responsibility Act of 2009

Capital One next asks that the Court dismiss Mr. Troxler's claim under the Credit Card Accountability and Responsibility Act of 2009.[41] While not entirely

---

[37] *See Hart v. University of Scranton*, 838 F. Supp.2d 324, 328 (M.D.Pa. 2011)(Caputo, J.)(dismissing a breach of contract claim where plaintiff failed to allege a specific breach of those terms).

[38] *See Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 183 (3d Cir. 2015)(affirming the dismissal of a breach of contract claim for failure to allege resultant damages).

[39] *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir.2008) (citation omitted).

[40] *Phillips*, 515 F.3d at 245.

[41] Def.'s Br. at 7–8.

clear, it appears that, based on the factual allegations of his Complaint, Mr. Troxler alleges violations of Sections 102, 171(a), 101 and 106. Analysis of these provisions, however, reveals them to be inapplicable to the instant action.

The Credit Card Accountability and Responsibility Act of 2009 was enacted "[t]o amend the Truth in Lending Act to establish fair and transparent practices relating to the extension of credit under an open end consumer credit plan."[42] The Sections of this Act cited by Mr. Troxler include the following. First, Section 102 of the Act, codified at 15 U.S.C. § 1637(j), provides that "a creditor may not impose any finance charge on a credit card account under an open end consumer credit plan as a result of the loss of any time period provided by the creditor within which the obligor may repay any portion of the credit extended without incurring a finance charge" with respect to certain billing cycles and balances. Second, Section 171, codified at 15 U.S.C. § 1666i-1, provides that "no creditor may increase any annual percentage rate, fee, or finance charge applicable to any outstanding balance" except in limited, and in this case, inapplicable circumstances. Third, Section 101, codified at 15 U.S.C. § 1637(i), requires 45 days' notice of "an increase in the annual percentage rate." Finally, Section 106,

---

[42] Credit Cardholders' Bill of Rights Act of 2009, Pub. L. No. 111-24, 123 Stat. 1734 (2009); *Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195, 201 (2011); *Dieffenbach v. RBS Citizens, N.A.*, Civil Action No. 11-CV-2800, 2012 WL 1605095, at *5 (E.D.Pa. May 8, 2012), *aff'd*, 514 F.App'x. 125 (3d Cir. 2013).

codified at 15 U.S.C. § 1637(o), concerns payment due dates and billing cycle length.

Here, Capital One argues that Mr. Troxler has failed to allege any facts or authority supporting his position that the instant conduct constitutes a violation of these sections. Mr. Troxler, perhaps recognizing the specious nature of this claim, responds first that Capital One cannot argue that such retention of funds is not a *de facto* increase in fees, rates, and charges. This argument is novel and unsupported by the law. Furthermore, to the extent Mr. Troxler argues that it is unclear whether Capital One violated the said statutory provisions, I note that this admission belies the facial lack of plausibility of this claim and necessitates its dismissal.[43] Because I find that amendment of this claim pursuant to the above statutory sections would be futile given the factual scenario, dismissal will be with prejudice.

## IV. CONCLUSION

Based on the above analysis, Capital One's Motion to Dismiss will be granted in its entirety. Plaintiff is, however, granted leave to amend his breach of contract claim **within twenty one (21) days** of this Memorandum Opinion pursuant to Federal Rule of Civil Procedure 15, and in accordance with the above outlined deficiencies.

---

[43] *See, e.g.*, *Dieffenbach*, 2012 WL 1605095, at *6; *Young v. CitiFinancial Service LLC*, Civil Action No. 16-CV-1171, 2017 WL 2334982, at *3 (E.D.Mo. May 30, 2017)(dismissing a claim brought under the Credit CARD Act, Sections 1637(i), because such a claim cannot be discerned from the facts of the Complaint).

If no amended complaint is filed by that date, the action will be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge